IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL THOMAS HARVEY,

        Plaintiff,

   vs.

CITY OF SOUTH LAKE TAHOE;
EL DORADO COUNTY; ANDREW
EISSINGER; CHARLES DUKE,

        Defendants.

                                   /

No. CIV S-10-1653 GEB EFB PS

ORDER

       This action, in which plaintiff is proceeding pro se, is before the undersigned in accordance with 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). On August 10, 2010, defendant El Dorado County filed a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6) and noticed the motion for hearing on September 29, 2010.[1]  Dckt. No. 7.  Plaintiff filed an opposition to the motion, and then on September 20, 2010, filed a first amended complaint against all of the same defendants named in his original complaint.  Dckt. Nos. 11, 13.

////

---

[1] Defendants City of South Lake Tahoe, Andrew Eissinger, and Charles Duke filed an answer to plaintiff's original complaint on July 23, 2010.  Dckt. No. 4.

1

Although plaintiff filed a first amended complaint, plaintiff needs leave of court to amend his complaint. Effective December 1, 2009, Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."[2] Because defendant El Dorado County filed a motion to dismiss pursuant to Rule 12(b), plaintiff's opportunity to amend "as a matter of course" expired 21 days thereafter.

Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). According to the Ninth Circuit, "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

////

////

---

[2] The former version of Rule 15(a)(1) provided that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar."

2

1         Although plaintiff did not expressly seek leave to amend, by filing an amended complaint, it is clear that he desires such leave.  Accordingly, plaintiff's amended complaint will be construed as a request for leave to file the amended complaint and will be granted.  There is no indication that plaintiff, who is appearing pro se, unduly delayed in requesting leave to amend or that his request was made in bad faith, and it appears from the amended complaint that the amendments made by plaintiff are not futile.  In fact, plaintiff's amended complaint seeks to correct the deficiencies identified by El Dorado County in its motion to dismiss.  Specifically, El Dorado County argues in its motion to dismiss that plaintiff's original complaint "is void of any allegations against the County of El Dorado or any employee of the County of El Dorado" and that the complaint does not "give the County fair notice of the claims that Plaintiff is asserting against it."  Dckt. No. 7.  The County further contends that "it is not entirely clear from the Complaint that Plaintiff even meant to sue the County in the first place."  *Id*.  Plaintiff's amended complaint seeks to correct those deficiencies by specifically alleging that El Dorado County employees violated his constitutional rights.

         Further, although El Dorado County filed a motion to dismiss the original complaint, even if the County's motion were to be granted, plaintiff would be given leave to amend to correct the deficiencies identified by El Dorado County.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (noting that a district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them).  Moreover, if El Dorado County opines that plaintiff's amended complaint suffers from the same failures as the original complaint, El Dorado County can move to dismiss the amended complaint on similar grounds.  Therefore, El Dorado County has completed little or no work that would be disturbed by granting plaintiff leave to file his amended complaint.  Accordingly, plaintiff will be granted leave to file his first amended complaint.  *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, El Dorado County's motion to dismiss will be denied as moot. Plaintiff's first amended complaint supersedes the earlier complaint which El Dorado County has moved to dismiss, rendering the earlier complaint of no legal effect and the motion to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is construed as a request for leave to file the first amended complaint, and is granted.

2. Defendants shall file an answer to plaintiff's first amended complaint, or a responsive motion, within fourteen days from the date this order is filed.

3. El Dorado County's motion to dismiss, Dckt. No. 7, is denied without prejudice.

SO ORDERED.

Dated: September 23, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4