1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DANIEL THOMAS HARVEY,

11              Plaintiff,                    No. CIV S-10-1653 KJM EFB PS

12         vs.

13   CITY OF SOUTH LAKE TAHOE;
     EL DORADO COUNTY; ANDREW
14   EISSINGER; CHARLES DUKE,

15              Defendants.                   FINDINGS AND RECOMMENDATIONS
     _____/

16

17         This action, in which plaintiff is proceeding pro se, is before the undersigned pursuant to

18   Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).  Presently

19   before the court are (1) defendant El Dorado County's motion to dismiss plaintiff's first

20   amended complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure

21   ("Rule") 12(b)(6), Dckt. No. 16, and (2) defendants City of South Lake Tahoe, Officer Andrew

22   Eissinger, and Officer Charles Duke's motion to dismiss City of South Lake Tahoe from the

23   action pursuant to Rule 12(b)(6), motion for a more definite statement pursuant to Rule 12(e),

24   motion to strike portions of the amended complaint pursuant to Rule 12(f), and motion to dismiss

25   the amended complaint pursuant to Rules 8(a) and 10(b), Dckt. No. 17.  Plaintiff opposes the

26   motions.  Dckt. Nos. 21, 22.  For the reasons stated herein, the undersigned recommends that the

1

1  motions to dismiss be granted and that plaintiff be granted leave to amend some of his claims, as

2  set forth below.

3  I.      BACKGROUND

4        Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 against El Dorado

5  County and against the City of South Lake Tahoe, South Lake Tahoe Police Officer Andrew

6  Eissinger, and South Lake Tahoe Police Officer Charles Duke (collectively, "the City

7  defendants").  First Am. Compl. ("FAC"), Dckt. No. 13.  Plaintiff states that on March 19, 2010

8  he was bitten by a dog belonging to James Handley.  *Id.* at 2.[1]  Plaintiff alleges that when he

9  informed Mr. Handley of the bite, Mr. Handley "engaged in flight."  *Id.*  Plaintiff, fearing that if

10 he did not obtain the dog's vaccination information he would "have to undergo preventative

11 rabies treatment," "acted using force" to stop Mr. Handley from leaving.  *Id.* at 2-3.  Officers

12 Eissinger and Duke arrested plaintiff after arriving at the scene and interviewing witnesses.  *Id*.

13 at 4.

14        Plaintiff's complaint states that "[t]his case originated after a false arrest caused false

15 imprisonment" and resulted in "excessive bail" and a violation of "plaintiff's 5th and 14th

16 [a]mendment right[s] to due process."  *Id.* at 1.  More specifically, plaintiff alleges that although

17 Officers Eissinger and Duke were aware of "much information" indicating that plaintiff "had the

18 right to use force in detaining" the dog and its owner, they nevertheless falsely arrested him.  *Id.*

19 at 4.  Plaintiff further alleges that his false arrest evolved into a false imprisonment because

20 Officers Eissinger and Duke could have released plaintiff from custody under California Penal

21 Code ("Penal Code") section 849(b)(1), which permits a peace officer to release a person from

22 custody when the officer is satisfied that there are insufficient grounds for making a criminal

23 complaint against the person, but they did not release him.  Plaintiff alleges that the two police

24 officers conspired to arrest, imprison, and bring false charges against him in violation of Penal

25

26        [1] To avoid confusion, the undersigned refers to page numbers as assigned by the
   CM/ECF system.

2

1    Code section 182(a)(2).  Plaintiff also claims that Officers Eissinger and Duke "aided and

2    abetted the theft of [his] bicycle" because the officers "did not take control of the bicycle" after

3    plaintiff was arrested and instead "[t]he bicycle was left at the scene to be stolen while [plaintiff]

4    was in jail."  *Id.* at 11.  Plaintiff claims that Officer Eissinger obstructed justice in violation of 18

5    U.S.C. § 1503(a) by submitting a declaration to a judge which "omitted the fact that the dog

6    owner had fled taking his dog away," "falsely indicated that [plaintiff] attacked the dog owner as

7    soon as the dog owner came out of the store," and "falsely stated that [plaintiff] had walked

8    away with [Mr. Handley's] skateboard."  *Id.* at 10.  Plaintiff contends that defendant City of

9    South Lake Tahoe is "responsible for [not] properly training the police officers" and for not

10   "deterring police misconduct" and they are therefore "accountable" to plaintiff.  *Id.* at 13.

11        Plaintiff also seeks to hold El Dorado County liable for the conduct of certain El Dorado

12   County jail employees.  He claims that certain employees at the El Dorado County jail violated

13   his Fourth Amendment rights because they "unconstitutionally extracted DNA" from him.  *Id.* at

14   12.  Additionally, plaintiff alleges that the El Dorado County jail employees acted to extract an

15   "excessive bail" of $80,000 from him by holding him "in a cell that had bail bond information

16   and a telephone [and] [a]t the same time [he] was not provided warm clothing or a bed or

17   blanket."  *Id.* at 13.  Finally, plaintiff alleges that defendant El Dorado County is responsible for

18   the jail employees allegedly denying him "his right to a bail hearing."  *Id.* at 12.  Plaintiff seeks

19   compensatory damages.  *Id*. at 14.

20   II.    EL DORADO COUNTY'S MOTION TO DISMISS

21        Defendant El Dorado County moves to dismiss plaintiff's first amended complaint for

22   failure to state a claim pursuant to Rule 12(b)(6).  Dckt. No. 16.

23        A.    Legal Standards

24        To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

25   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

26   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

3

1    *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

2    . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

3    action."  *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

4    236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

5    'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949

6    (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

7    pleads factual content that allows the court to draw the reasonable inference that the defendant is

8    liable for the misconduct alleged."  *Id.*  Dismissal is appropriate based either on the lack of

9    cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal

10   theories.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11          In considering a motion to dismiss, the court must accept as true the allegations of the

12   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

13   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts

14   in the pleader's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

15   (1969).  The court will "'presume that general allegations embrace those specific facts that are

16   necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

17   (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  The court may

18   consider facts established by exhibits attached to the complaint.  *Durning v. First Boston Corp.*,

19   815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially

20   noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including

21   pleadings, orders, and other papers filed with the court.  *Mack v. South Bay Beer Distribs.*, 798

22   F.2d 1279, 1282 (9th Cir. 1986).

23          Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

24   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

25   1985).  However, the court's liberal interpretation of a pro se litigant's pleading may not supply

26   essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.

4

1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual

allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v.*

*Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643

F.2d 618, 624 (9th Cir. 1981).  A pro se litigant is, however, entitled to notice of the deficiencies

in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be

cured by amendment.  *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

      B.    Discussion

           1.    Municipal Liability Against El Dorado County

Plaintiff alleges a § 1983 municipal liability claim against El Dorado County, arguing

that (1) certain El Dorado County jail employees violated the Eighth Amendment by accepting

excessive bail from him, by failing to provide plaintiff with warm clothing or a bed or blanket in

"an effort to cause the posting of excessive bail," and by denying plaintiff a bail hearing; (2) the

jail employees violated the Fourth Amendment by extracting plaintiff's DNA pursuant to Penal

Code section "296, 2 (C)",[2] which plaintiff contends is unconstitutional; (3) the jail employees

told a police officer to take plaintiff to a hospital instead of a low-cost clinic as a result of his

dog-bite injuries; and (4) the El Dorado County District Court failed to provide plaintiff a bail

hearing and caused excessive bail.  FAC at 2, 5, 12-13.  El Dorado County seeks dismissal of

this municipal liability claim, arguing that plaintiff has failed to state a claim under *Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978).  Dckt. No. 16.

////

---

[2] Although plaintiff cites Penal Code section "296, 2 (C)" in his first amended complaint, no such statutory provision exists.  Plaintiff does indicate, however, that the Penal Code section he is challenging requires "any person arrested or charged with a felony [to] provide DNA." FAC at 12.  Therefore, it appears that he intended to cite Penal Code section 296(a)(2)(C), which provides that "any adult person arrested or charged with any felony offense" must provide DNA samples.

1    Since there is no respondeat superior liability under § 1983, counties and municipalities

2    may be sued under § 1983 only upon a showing that an official policy or custom caused the

3    constitutional tort.  *See Monell*, 436 U.S. at 691.  In order to state a claim under *Monell*, a party

4    must (1) identify the challenged policy or custom; (2) explain how the policy or custom is

5    deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the

6    policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was

7    obvious and the constitutional injury was likely to occur.  *Young v. City of Visalia*, 687 F. Supp.

8    2d 1141, 1149 (E.D. Cal. 2009).

9    Defendant El Dorado County argues that plaintiff has failed to allege any policy or

10   custom in his complaint.  The undersigned agrees that plaintiff's municipal liability claim against

11   El Dorado County lacks the specificity required under *Iqbal* and *Twombly*.  Plaintiff has not

12   identified any El Dorado County policy or custom in his first amended complaint, has not

13   alleged that the jail employees acted pursuant to a County policy or custom, and has not alleged

14   that their conduct conformed to an official policy or custom.  *See Monell*, 436 U.S. at 690-91,

15   694; *Karim-Panahi*, 839 F.2d at 624; *Shah v. County of Los Angeles*, 797 F.2d 743, 746 (9th Cir.

16   1986).  Additionally, because he has not identified any such policy or custom, he also has not

17   explained how the policy or custom is deficient, has not explained how the policy or custom

18   caused him harm, and has not explained how the policy or custom amounted to deliberate

19   indifference.  Accordingly, plaintiff has not alleged a basis for holding defendant El Dorado

20   County liable for any constitutional deprivations in connection with his arrest, detention, or

21   DNA extraction.[3]  Therefore, his claims against defendant El Dorado County should be

22   ////

23   ////

24

---

25       [3] The court does not address whether plaintiff can state a *Monell* claim against El Dorado
     County based on inadequacy of training of the county jail employees since no such claim is
26   alleged in the first amended complaint.

1   dismissed with leave to amend, to the extent that plaintiff can allege specific facts to support a

2   *Monell* liability claim.[4]

3                    2.    Plaintiff's Claims Against El Dorado County Superior Court

4          El Dorado County also argues that it cannot be held liable for plaintiff's claims against

5   the El Dorado County Superior Court.  Dckt. No. 16-1 at 11.

6          Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but

7   it does not provide a federal forum for litigants who seek a remedy against a state for alleged

8   deprivations of civil liberties.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989).

9   The Eleventh Amendment bars such suits unless the State has waived its immunity.  *Id.*  A

10  municipal court is an arm of the state and is protected from lawsuit by the Eleventh Amendment.

11  *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995).  To the extent plaintiff attempts to

12  hold El Dorado County liable for the actions of the County's superior court, this claim must be

13  dismissed without leave to amend.  *Simmons v. Sacramento County Super. Ct.,* 318 F.3d 1156,

14  1161 (9th Cir. 2003) (plaintiff cannot state a claim against Sacramento County Superior Court

15  because it is an arm of the state and thus barred by the Eleventh Amendment); *Franceschi,* 57

16  F.3d at 831 (claim against South Orange County Municipal Court barred by Eleventh

17  Amendment because it is "arm of the state").

18  ////

19  ////

20  ////

21  

22         [4]  El Dorado County further argues that plaintiff's claim that his rights were violated
    when his DNA was extracted pursuant to Penal Code section "296, 2 (C)" should be dismissed
23  without leave to amend because the jail employees followed mandatory procedures set forth in
    Penal Code section 296(a)(2)(C), and that statute has not been found to be unconstitutional.
24  Dckt. No. 16-1 at 9.  However, on August 4, 2011, the First District California Court of Appeal
    held that the California DNA and Forensic Identification Data Base and Data Bank Act of 1998,
    as amended, California Penal Code section 295 *et seq.*, is unconstitutional.  *People v. Buza*,
25  __Cal. Rptr. 3d __, 2011 WL 3338855, at *22-23 (Cal. App. 1 Dist. Aug. 4, 2011).  Accordingly,
    the County's motion to dismiss this claim *without* leave to amend is denied.  Instead, the claim is
26  dismissed *with* leave to amend, as provided herein.

3.      Plaintiff's Claims Regarding Excessive Bail

El Dorado County also contends that plaintiff's claims regarding excessive bail being set or accepted by the County should be dismissed because plaintiff has not alleged how the County is responsible for setting bail or accepting bail set by the court.  Dckt. No. 16-1 at 9.

In order to prevail on a § 1983 claim that his bail violated the Excessive Bail Clause of the Eight Amendment, plaintiff must demonstrate that his bail was enhanced for purposes unauthorized by California law or that the amount of bail was excessive in light of the valid purposes for which it was set.  *Galen v. County of Los Angeles*, 477 F.3d 652, 661 (9th Cir. 2007).  Penal Code section 1269b(c) provides that "[i]t is the duty of the superior court judges in each county to prepare, adopt, and annually revise a uniform countywide schedule of bail for all bailable felony offenses . . . ."  Cal. Pen. Code § 1269b(c).  Certain jail custodians are authorized to immediately release those who are arrested and booked, prior to an initial court appearance, upon the posting of bail in the amount specified in the countywide schedule of bail.  *Id.* § 1269b(b).

Here, plaintiff alleges that he was forced to post bail in the amount of $80,000 in order to be released from the El Dorado County jail.  FAC at 10.  He concludes that this amount was excessive and seeks to hold El Dorado County liable.  *Id.* at 13.  As a preliminary matter, the record before the court does not establish the bail amount the El Dorado County bail schedule specifies for the charges that plaintiff faced.  Moreover, plaintiff does not allege that the bail he ultimately posted, $80,000, was in excess of the bail schedule.  It is unclear whether plaintiff is arguing that the bail schedule set by the El Dorado County superior court judges violates the Excessive Bail Clause or that the bail he posted was enhanced by the jail employees so as to violate the Excessive Bail Clause.  To the extent plaintiff seeks to hold El Dorado County liable for the El Dorado Superior Court's allegedly excessive bail schedule, the claims is barred by the Eleventh Amendment and it must be dismissed without leave to amend.  *See Simmons v. Sacramento County Super. Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot state a

claim against Sacramento County Superior Court because it is an arm of the state and thus barred

by the Eleventh Amendment); *Franceschi,* 57 F.3d at 831 (claim against South Orange County

Municipal Court barred by Eleventh Amendment because it is "arm of the state").  To the extent

that plaintiff is suggesting that the bail he posted was improperly enhanced by the jail

employees, the claim does not clearly articulate that allegation.  Accordingly, any such claim

should be dismissed with leave to amend to the extent that plaintiff is able to allege those facts.

4.   State Law Claims

Finally, El Dorado County contends that to the extent that plaintiff's claims are construed

as state law claims, they should be dismissed because plaintiff did not plead compliance with the

California Torts Claims Act ("GCA").[5]  Dckt. No. 12.

The GCA requires that a party seeking to recover money damages from a public entity or

its employees must submit a claim to the entity *before* filing suit in court, generally no later than

six months after the cause of action accrues.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2

(emphasis added); *see also Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 208 (2007)

("*Before* suing a public entity, the plaintiff must present a timely written claim. . .") (emphasis

added).  "The legislature's intent to require the presentation of claims *before* suit is filed could

not be clearer."  *City of Stockton v. Super. Ct,*, 42 Cal. 4th 730, 746 (2007).  Timely claim

presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's

cause of action.  *Shirk*, 42 Cal. 4th at 209.  Thus, when a plaintiff asserts a claim subject to the

GCA, he must affirmatively allege compliance with the claim presentation procedure, or

circumstances excusing such compliance, in his complaint.  *Id.*  The requirement that a plaintiff

asserting claims subject to the GCA must affirmatively allege compliance with the claims filing

requirement applies in federal court as well.  *Karim-Panahi v. Los Angeles Police Dep't*, 839

_____

[5] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

F.2d 621, 627 (9th Cir. 1988).

The county's argument is well taken.  To the extent there are remaining state law claims in plaintiff's first amended complaint, they must be dismissed with leave to amend for failure to allege compliance with the GCA.

III.   CITY DEFENDANTS' MOTIONS

Defendants City of South Lake Tahoe, Officer Andrew Eissinger, and Officer Charles Duke's move to dismiss City of South Lake Tahoe from the action pursuant to Rule 12(b)(6), move for a more definite statement pursuant to Rule 12(e), move to strike portions of the amended complaint pursuant to Rule 12(f), and move to dismiss the first amended complaint pursuant to Rules 8(a) and 10(b).  Dckt. No. 17.

A.   City of South Lake Tahoe's Motion to Dismiss Under Rule 12(b)(6)[6]

Plaintiff seeks to hold the City of South Lake Tahoe liable under § 1983 for the actions of its officers.  Specifically, plaintiff alleges that the City is liable for failing to "control unconscionable behavior within the police force."  FAC at 13.  The City defendants argue that this claim should be dismissed as to defendant City of South Lake Tahoe because plaintiff cannot sufficiently state a municipal liability claim against the City under *Monell*.  Dckt. No. 17-1 at 7.

As explained above, there is no respondeat superior liability under § 1983, and therefore counties and municipalities may be sued under § 1983 only upon a showing that an official policy or custom caused the constitutional tort.  *See Monell*, 436 U.S. at 691.  In order to state a claim under *Monell*, a party must (1) identify the challenged policy or custom; (2) explain how the policy or custom is deficient; (3) explain how the policy or custom caused the plaintiff harm; and (4) reflect how the policy or custom amounted to deliberate indifference, i.e. show how the deficiency involved was obvious and the constitutional injury was likely to occur.  *Young*, 687 F. Supp. 2d at 1149.

---

[6] The legal standards for a motion to dismiss under Rule 12(b)(6) are set forth above in Section II.A.

1   Additionally, the inadequacy of police training may serve as the basis for § 1983 liability

2   against a municipality where the failure to train amounts to deliberate indifference to the rights

3   of persons with whom the police come into contact.  *City of Canton v. Harris*, 489 U.S. 378, 388

4   (1989).  "Deliberate indifference" is established where "'the need for more or different training

5   is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that

6   the policymakers of the city can reasonably be said to have been deliberately indifferent to the

7   need.'"  *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (quoting *City

8   of Canton*, 489 U.S. at 390).  To survive a motion to dismiss, a civil rights plaintiff alleging

9   *Monell* liability based on a failure to train must allege that: (1) he was deprived of a

10  constitutional right; (2) the local government entity had a training policy that amounts to

11  deliberate indifference to constitutional rights of persons with whom its peace officers are likely

12  to come into contact; and (3) his constitutional injury would have been avoided had the local

13  government unit properly trained those officers.  *See Lanier v. City of Fresno*, 2010 WL

14  5113799 at *11-12 (E.D. Cal. Dec. 9, 2010).

15      Here, plaintiff's first amended complaint fails to include facts to support his allegation

16  that the City of South Lake Tahoe maintained a custom or policy that led to the harm he claims

17  he suffered.  Plaintiff does not even allege mere conclusions to this fact.  Instead, he speculates,

18  "it is entirely possible that these two police officers were trained to bring felony charges."  FAC

19  at 12.  Only in his opposition does plaintiff list anecdotal evidence which he argues proves that

20  the "South Lake Tahoe Police Department has an unconstitutional policy that targets men [who]

21  are not protected by the social beliefs that women and children benefit from."[7]  Pl.'s Resp. to

22

23      [7] In a section of his opposition, titled "Male Community in Fear of Law Officers,"
    plaintiff gives three examples of an alleged policy by the City of South Lake Tahoe Police
24  Department targeting men.  First, plaintiff states one man has sued the police department for civil
    rights violations.  Second, plaintiff states that another man has alleged that Officer Eissinger
25  brought false charges against him.  Finally, plaintiff explains that a third man "surrendered" to
    the false charges levied against him by the police department because he could no longer
26  "stomach ongoing court litigation."  Pl.'s Resp. at 7.

1   City Defs.' Mot. to Dism. ("Pl.'s Resp."), Dckt. No. 21 at 7.

2          As to the inadequacy of police training, the first amended complaint merely alleges that

3   the City of South Lake Tahoe is responsible for improperly training the city's police officers and

4   in this case there was a "failure to control unconscionable behavior within the police force."

5   FAC at 13.  There are no allegations regarding a training policy that amounts to deliberate

6   indifference or that plaintiff's injury would have been avoided by proper training.  Plaintiff has

7   failed to adequately plead a § 1983 municipal liability claim against the City of South Lake

8   Tahoe and, to the extent he also makes a claim based on the City's failure to train Officers

9   Eissinger and Duke, these claims should be dismissed.  However, because plaintiff raises an

10  argument of "an unconstitutional policy" in his opposition, these claims should be dismissed

11  with leave to amend.  *See Broam v. Bogan*, 320 F.3d 1023, 1026 n. 2 (9th Cir. 2003) (facts raised

12  in opposition papers may not defeat a motion to dismiss, but may be considered by the court to

13  determine whether dismissal should be with or without leave to amend).

14         B.      Officer Eissinger and Duke's Motion for a More Definite Statement or Motion to
                   Strike (Construed as a Motion to Dismiss)
15

16         The City defendants argue that plaintiff's claims against Officers Eissinger and Duke are

17  "so convoluted, random and vague as to make it impossible to respond."  Dckt. No. 17-1 at 5.

18  The City defendants therefore move the court to either strike the portions of the first amended

19  complaint that deal with violations of criminal statutes or order plaintiff to "comply with the

20  Federal Rules of Civil Procedure."  *Id.* at 12.  The City defendants also argue that any allegations

21  based on California state law should be barred for failure to allege compliance with the

22  California Tort Claims Act ("GCA").[8]  Although the City defendants' motion is unclear, the

23  undersigned construes the motion as a motion to dismiss because the City defendants refer to the

24  _____

25         [8] In 2007, the California Supreme Court adopted the practice of using the title
    "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v.*
26  *Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

                                        12

1   Rule 12(b)(6) standard for dismissal throughout the motion.  *See* Dckt. No. 17-1.

2                   1.      Claims Based on Violations of Criminal Statutes

3          The City defendants contend that plaintiff cannot state a claim based on various alleged

4   California criminal statutes, including Penal Code sections 182, 849, and 484, and cannot state a

5   claim based on 18 U.S.C. § 1503.  Dckt. No. 17-1 at 12-15.

6                       a.   Conspiracy Under Penal Code Section 182

7          Plaintiff alleges that he "Officer Duke agreed to go along with [Officer] Eissinger's plan

8   to bring false charges against" plaintiff and that this "constitutes a conspiracy."  FAC at 14.  The

9   first amended complaint also refers to the Penal Code section 182 definition of conspiracy.  FAC

10  at 5.

11         To the extent plaintiff seeks to state a claim against the City defendants for conspiracy

12  pursuant to Penal Code section 182, that claim should be dismissed without leave to amend.  A

13  private right of action under a criminal statute has rarely been implied.  *Chrysler Corp. v. Brown*,

14  441 U.S. 281, 316 (1979).  Where a private right of action has been implied, "'there was at least

15  a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'"

16  *Id.* (quoting *Cort v. Ash,* 422 U.S. 66, 79 (1975)).  Here, plaintiff does not argue that a private

17  cause of action is implied in Penal Code section 182, and there is no indication in that statute that

18  civil enforcement is available to plaintiff.  Accordingly, plaintiff fails to state a claim upon

19  which relief may be granted based on the officers' alleged violation of Penal Code section 182.

20  *See Ellis v. City of San Diego*, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's

21  dismissal of sixteen claims based on California Penal Code sections because "these code sections

22  do not create enforceable individual rights"); *Sohal v. City of Merced Police Dep't*, 2009 WL

23  961465 at *7 (E.D. Cal. Apr. 8, 2009) ("This court and courts of this circuit routinely dismiss

24  claims based on violation of state criminal statutes where the language of the statute does not

25  confer a private right of action."); *Bonty v. Escutia*, 2007 WL 3096587 at *3 (E.D. Cal. Oct. 22,

26  2007) (citing *Chrysler Corp.* in holding that a plaintiff may not impose liability on defendants

                                              13

1  for violation of penal code sections).

2      b.  False Imprisonment Under Penal Code Section 849

3      Plaintiff also alleges that he was falsely imprisoned because Officers Eissinger and Duke

4  violated California Penal Code section 849(b)(1), which allowed them the option to release

5  plaintiff from custody if they were satisfied that there were insufficient grounds for making a

6  criminal complaint against him.  FAC at 6.

7      To the extent plaintiff seeks to state a claim against the City defendants for violation of

8  Penal Code section 849, that claim should also be dismissed without leave to amend.  As

9  explained above, a private right of action under a criminal statute has rarely been implied and

10  there must be at least a statutory basis for permitting a plaintiff to bring a civil cause of action.

11  Here, again, plaintiff does not argue or suggest that a private cause of action is implied in section

12  849(b)(1) nor has the undersigned found statutory or case authority to support that notion.

13  Accordingly, plaintiff fails to state a claim based on the officers' alleged violation of Penal Code

14  section 849(b)(1).

15      c.  Aiding and Abetting Under Penal Code Section 484

16      Next, plaintiff alleges that Officers Eissinger and Duke "aided and abetted the theft" of

17  his bicycle.  FAC at 11.  Plaintiff again relies on a criminal statute, California Penal Code section

18  484 (theft).  *Id.*  As explained above, this court routinely dismisses claims based on violation of

19  state criminal statutes where the language of the statute does not confer a private right of action.

20  *See Sohal*, 2009 WL 961465 at *7.  Plaintiff has not alleged that section 484 provides for a

21  private right of action nor has the undersigned found authority to support this notion.  Therefore,

22  this claim should be dismissed without leave to amend.

23      d.  Obstruction of Justice Under 18 U.S.C. § 1503

24      Finally, plaintiff alleges that "the act of police officer Andrew Eissinger submitting his

25  [declaration] to the court, containing false statements, constitutes obstruction of justice" in

26  violation of 18 U.S.C. § 1503.  FAC at 10.  Section 1503 is a criminal statute that does not

provide for civil enforcement.  *See Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1482 (9th Cir.),

*judgment aff'd,* 525 U.S. 299 (1999) ("The obstruction of justice claim under 18 U.S.C. § 1503 is

also futile because 18 U.S.C. § 1503 is a criminal statute that does not provide for a private cause

of action.").  Accordingly, plaintiff's obstruction of justice claim against Officer Eissinger

should be dismissed without leave to amend.

2.    <u>Claims that Require Compliance with Government Claims Act</u>

The City defendants also argue that any allegations in plaintiff's first amended complaint

that are based on California state law should be barred for failure to allege compliance with the

California Tort Claims Act ("GCA").[9]  *See* Dckt. No. 17-1 at 15-17.

As discussed above, the GCA requires that a party seeking to recover money damages

from a public entity or its employees must submit a claim to the entity before filing suit in court,

generally no later than six months after the cause of action accrues, and must affirmatively allege

compliance with the claim presentation procedure, or circumstances excusing such compliance,

in his complaint.  Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added); *see also Shirk*,

42 Cal. 4th at 208, 209.  To the extent plaintiff alleges state law claims against the City of South

Lake Tahoe and its employees, Officers Eissinger and Duke, plaintiff is obligated to allege

compliance with the claim presentation procedure of GCA in his complaint.  Here, the first

amended complaint lacks any allegations that plaintiff presented his claims to the City

defendants before filing suit.  Nor does plaintiff allege that he filed a late claim or explain why

he missed the deadline.[10]

---

[9] In 2007, the California Supreme Court adopted the practice of using the title "Government Claims Act" instead of "California Tort Claims Act."  *See City of Stockton v. Superior Court*, 42 Cal. 4th 730, 741-42 (2007).

[10] Attached to the first amended complaint are several letters addressed to "the Court," "Kathy Bolinger Records [S]upervisor South Lake Tahoe Police Department," and "Public Health Dept[artment] and Animal Services."  Dckt. No. 13 at 25, 31-33.  It is unclear the purpose of these letters and plaintiff does not refer to them in his first amended complaint.  If plaintiff intended to offer these letters as proof he presented a claim in compliance with GCA, he did not

1    In his opposition, plaintiff argues that on July 8, 2010, he "brought his complaint to the

2  South Lake Tahoe Police Department, but the Police Department did not act." Pl.'s Resp. at 6.

3  The undersigned, however, cannot rely on plaintiff's opposition to defeat the City defendant's

4  motion to dismiss. *See Broam*, 320 F.3d at 1026 n.2.  Furthermore, even if plaintiff did present

5  claims to the police department on July 8, 2010, his state law claims may still be dismissed for

6  failure to comply with GCA.  If plaintiff presented a claim to the police department on July 8,

7  2010, he did so *after* the date on which he filed the initial complaint in this action, June 29, 2010.

8  Though plaintiff subsequently filed a first amended complaint on September 20, 2010, well after

9  the date he argues he filed a claim with the police department, his cause of action would not have

10  accrued until *after* filing the original complaint in this case.  Plaintiff may not recover from this

11  defect in later pleadings. *See Jadwin v. County of Kern*, 2009 WL 926844 at *17 (E.D. Cal. Apr.

12  3, 2009) ("At the time Plaintiff filed his initial Complaint, one of the necessary elements of his

13  new [] claims was missing - he had not presented any claim including them. This substantive

14  defect in Plaintiff's initial Complaint was not remedied by later pleadings, including his Second

15  Amended Complaint.").

16    Therefore, any state law claims plaintiff purports to allege against the City defendants

17  must be dismissed.   The dismissal will be with leave to amend, to the extent that plaintiff can

18  allege that he filed claims with the City defendants *prior* to filing suit. *See Mangold v. Cal. Pub.*

19  *Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995); *Karim-Panahi*, 839 F.2d at 627; *Rhodes v.*

20  *Placer County*, 2011 WL 1302316, at *14 (E.D. Cal. Mar. 31, 2011) (plaintiff's failure to plead

21  presentation of her state law claims mandates dismissal of those claims because presentation of

22  state law claims is an element of the claims themselves); *State of Superior Court (Bodde)*, 32

23  Cal. 4th 1234, 1239 (2004) (plaintiff's "failure to allege facts demonstrating or excusing

24  compliance with the claims presentation requirement subjects a claim against a public entity" to

25

26  allege so in the first amended complaint.  Additionally, the letters do not appear to be addressed
to the City defendants.

1  dismissal for failure to state a claim).

2                          3.    <u>Remaining Claims</u>

3        The City defendants further contend that plaintiff's first amended complaint is not "short

4  and plain" or "simple, concise, and direct," as required by Rules 8(a) and 8(d)(1).  Dckt. No. 17-

5  1 at 8 (quoting Fed. R. Civ. P. 8(a), 8(d)(1)).  They also contend that plaintiff's first amended

6  complaint is not in compliance with Rule 10(b) since plaintiff's claims are not set forth "in

7  numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* at

8  8-9 (quoting Fed. R. Civ. P. 10(b)).  Finally, the City defendants contend that the amended

9  complaint is "rambling" and it is impossible to discern from the amended complaint what

10 plaintiff is alleging. *Id.* at 15.

11       Because the undersigned agrees that plaintiff's complaint fails to comply with Rules 8

12 and 10, to the extent plaintiff's first amended complaint includes other claims against the City

13 defendants not addressed above, they are dismissed with leave to amend pursuant to Rules 8 and

14 10.

15 IV.    <u>LEAVE TO AMEND</u>

16       If plaintiff elects to file a second amended complaint against El Dorado County or the

17 City defendants as authorized herein, the complaint shall not add new claims or new defendants.

18 Plaintiff is reminded that the court cannot refer to a prior pleading in order to make his second

19 amended complaint complete.  Local Rule 220 requires that an amended complaint be complete

20 in itself without reference to any prior pleading.  This is because, as a general rule, an amended

21 complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).

22       Additionally, plaintiff must comply with the requirements of Federal Rules of Civil

23 Procedure 8(a) (i.e., that the complaint set forth a short and plain statement of the claim(s),

24 showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them)

25 and 10(b) (i.e., if plaintiff has more than one claim based upon separate transactions or

26 occurrences, the claims must be set forth in separate paragraphs).  Plaintiff must allege

compliance with the GCA, where required.  Failure to file a second amended complaint will result in a recommendation that this action be dismissed.

V.   <u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant El Dorado County's motion to dismiss, Dckt. No. 16, be granted as follow:

    a.    Claims against El Dorado Superior Court be dismissed without leave to amend; and

    b.    All other claims against defendant El Dorado County be dismissed with leave to amend as provided above.

2. The City defendants' motion to dismiss, Dckt. No. 17, be granted as follows:

    a.    Claims for violation of California Penal Code sections 182, 484, and 849(b)(1) be dismissed without leave to amend;

    c.    Claim for violation of 18 U.S.C. § 1503 be dismissed without leave to amend; and

    c.    All other claims against the City defendants be dismissed with leave to amend as provided above.

3. Plaintiff be provided thirty days from the date of any order adopting these findings and recommendations is filed to file a second amended complaint as provided herein.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

////

////

////

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 9, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE