UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL THOMAS HARVEY,<br><br>            Plaintiff,<br><br>      v.<br><br>ANDREW EISSINGER, CHARLES DUKE, SHANNON LANEY, and JAKE HERMINGHAUS,<br><br>            Defendants. | No.  2:10-cv-1653-KJM-EFB PS<br><br><br>ORDER |

This matter was before the court on April 9, 2014, for hearing the remaining defendants' motion to dismiss plaintiff's fifth amended complaint. Although counsel for the defendants and moving parties appeared, plaintiff failed to appear. Therefore, the court ordered plaintiff to show cause, in writing, on or before April 23, 2014, why sanctions should not be imposed for his failure to appear at the April 9 hearing. ECF No. 109.  Plaintiff's response to the order indicates that his failure to appear was deliberate. He states that "[t]he plaintiff's decision not to appear on April 9, 2014, was due to his heightened sense of danger." ECF No. 110 at 2.  Yet the explanation for his "sense of danger" is premised on his complaint that previous motions to dismiss early versions of his complaint have been dismissed with leave to amend.  *Id.*  He also complains that those

/////

/////

1

motions were submitted and decided without oral argument.[1]  *Id.*  The gist of this curious explanation is that the orders dismissing earlier renditions of his complaint for failure to state a claim have now somehow given South Lake Tahoe police officers a "motive to shoot the plaintiff, and shift blame claiming the plaintiff was the aggress[or]."  *Id.*

The hyperbole aside, clearly plaintiff is frustrated with having his earlier complaint and amended complaints dismissed.  But those dismissals for failure to satisfy the pleading requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) were with leave to amend to the extent that defective claims might possibly have been cured by amendment.  The rulings granting the motions to dismiss identified for plaintiff the Rule 12(b)(6) standards in light of *Twombly* and *Iqbal,* the defects in his pleadings and why the previous attempts to state a claim failed to meet those standards, and provided plaintiff multiple opportunities to cure the defects.  And while plaintiff, proceeding in pro se, has no doubt had difficulty in understanding and meeting the pleading requirements – indeed he has been shown some lenity with multiple grants of leave to amend—his status as a pro se litigant does not exempt him from those standards.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Nor is he exempt from the rules governing the process generally.

Therefore, with these principles in mind, the court cannot find good cause for plaintiff's deliberate failure to appear at the hearing.  Indeed, plaintiff's protestations in his opposition papers over the submission of the prior motions without oral argument contributed to the court's decision to hold a hearing on April 9, 2014.  His frustration with the process does not excuse his failure to appear nor his obligation to comply with the Local Rules or the Federal Rules of Civil Procedure.  Accordingly, imposition of some form of sanction is warranted here.

Although the court has considered imposition of a monetary sanction, the plaintiff's response to the Order to Show Cause strongly indicates that such a sanction would have no deterrent effect.  Plaintiff states that he "has reached a point where there is no reasonable

---

[1] In each of the earlier motions, the court determined that oral argument would not materially assist the court in deciding the motion.

expectation of fair due process of law to be expected by the court" and suggests that he will not proceed further with the case before this court. ECF No. 110 at 2. He concludes that "to continue this prosecution while this magistrate judge is governing the proceedings may be causing greater danger to the plaintiff.[2] Accordingly, the plaintiff intends to continue this case on appeal." *Id.* Plaintiff has not only failed to appear for the hearing, he has clearly stated his intent not to further prosecute this case, at least before the trial court. Thus, whether as a form of terminating sanction or in response to plaintiff's indication that he is not going to further prosecute the case, it appears that this action should be dismissed for failure to prosecute.

Nonetheless, plaintiff's response could reasonably be construed as a request for voluntary dismissal of the action. The court will not speculate on, nor offer plaintiff any advice as the difference in consequences as to either course. But if plaintiff wishes to voluntarily dismiss the action, such a request is governed by Rule 41(a). Subject to exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order by filing:

(i)  a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

Here, an answer to plaintiff's original complaint was filed on July 23, 2010. ECF No. 4. Therefore, this action cannot be dismissed pursuant to Rule 41(a)(1)(A)(i). However, defendants may choose to stipulate to dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii).

Accordingly, it is ORDERED that within 14 days of the date of this order, defendants may file and serve a document stipulating to dismissal of this action without prejudice pursuant to Rule 41(a)(1)(A)(ii). In the event defendants so stipulate, the court will construe the parties' filings as a stipulation of dismissal without prejudice pursuant to Rule 41(a)(1)(A)(ii). Absent a pleading filed within 14 days stipulating to voluntary dismissal in compliance with Rule 41(a), the court will enter findings and recommendations recommending that this action be dismissed

---

[2] Plaintiff's motion to recuse the undersigned was denied on March 30, 2013. ECF No. 78 at 3.

Case 2:10-cv-01653-KJM-EFB   Document 111   Filed 05/06/14   Page 4 of 4

for lack of prosecution and failure to comply with the Local Rules and Federal Rules of Civil Procedure.

DATED: May 6, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4