1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL THOMAS HARVEY,

Plaintiff,

v.

ANDREW ESSINGER; CHARLES DULE; SHANNON LANEY; and JAKE HERMINGHAUS,

Defendant.

No.  2:10-cv-1653-KJM-EFB PS

ORDER AND FINDINGS AND RECOMMENDATIONS

This matter was before the court on April 9, 2014, for hearing on the remaining defendants' motion to dismiss plaintiff's fifth amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  ECF No. 97.  Attorney Thomas Watson appeared on behalf of defendants Andrew Eissinger, Charles Duke, Shannon Laney, and Jake Herminghaus, all South Lake Tahoe Police Officers.  Plaintiff failed to appear.[2]  For the following reasons, it is recommended that defendants' motion to dismiss be granted and plaintiff's fifth amended complaint be dismissed without leave to amend.

_____

[1] This action, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

[2] Plaintiff was ordered to show cause, in writing, why sanctions should not be imposed for his failure to appear.  ECF No. 109.  He has filed a response to the order to show cause (ECF No. 110), and in light of the disposition recommended on the motion to dismiss, sanctions will not be imposed and the order to show cause is discharged.

1

I.      Procedural History

Plaintiff initially filed this action in June 2010 against the City of South Lake Tahoe, Officers Eissinger and Duke, and the County of El Dorado, alleging a claim under 42 U.S.C. § 1983 and various state law claims. ECF No. 1. After the County moved to dismiss the complaint, plaintiff filed a first amended complaint. ECF No. 13. The court construed that first amended complaint as a motion to amend and granted it. ECF No. 15. Thereafter, the County once again moved to dismiss the amended complaint, ECF No. 16, and the City, Eissinger, and Duke moved to dismiss, to strike, and for a more definite statement, ECF No. 17. The court granted the motions to dismiss and granted plaintiff leave to amend some of his claims. ECF Nos. 33, 35.

Then, on October 19, 2011, plaintiff filed a second amended complaint. ECF No. 38. The County moved to dismiss, ECF No. 40, as did the City, Eissinger, and Duke, ECF No. 39. Again, the court granted the County's motion to dismiss and dismissed the claims against the County without leave to amend. ECF Nos. 50, 56. The court also granted the City defendants' motion to dismiss, dismissed plaintiff's state law claims against those defendants without leave to amend, and dismissed plaintiff's *Monell* claims against the City and plaintiff's federal claims against Eissinger and Duke with leave to amend. *Id.*

On July 25, 2012, plaintiff filed a third amended complaint herein. ECF No. 57. Plaintiff also filed another complaint against the City of Lake Tahoe; Douglas County, Nevada; El Dorado County, California; Robert K. Priscaro; and City of Lake Tahoe Officers Jake Herminghaus, Shannon Lacey, and Andrew Eissinger, alleging a claim under 42 U.S.C. § 1983 against all of the defendants and a defamation claim against Douglas County. *See* 2:12-cv-526-KJM-EFB, Compl., ECF No. 1. In both actions, defendants moved to dismiss.

In the first action, the court granted the individual defendants' and County's motions to dismiss relating to plaintiff's state law claims without leave to amend. ECF No. 73 at 10; ECF No. 78. The court granted the City's and the individual defendants' motions to dismiss with leave to amend. Specifically, plaintiff was permitted to amend his § 1983 *Monell* claim against the City and his § 1983 claim against defendants Eissinger and Duke.

As for the second action, the court granted Douglas County's motion to dismiss without leave to amend.  ECF No. 73 at 16-19; ECF No. 78.[3]  The court granted El Dorado County's motion to dismiss relating to the claim against Robert Priscaro for malicious prosecution, and the claim against El Dorado County for excessive bail, without leave to amend.  The court granted El Dorado County's motion to dismiss relating to the incident at the El Dorado county jail with leave to amend that claim in the instant action, and granted the individual defendants' motion to dismiss as duplicative of those claims in the first action.  *Id.* at 23-26.  The court closed the second case but stated that plaintiff would be permitted to include in any fourth amended complaint in this action, his § 1983 claims against defendants Herminghaus and Laney and/or a § 1983 *Monell* claim against El Dorado County based only on the County's alleged failure to provide him water while in the County jail.  ECF No. 78 at 2.

Plaintiff then filed a fourth amended complaint alleging claims against the City, the County, Eissinger, Duke, Laney, and Herminghaus.  ECF No. 79.  All defendants moved to dismiss that complaint.  ECF Nos. 80, 81.  That complaint suggested that each defendant violated his Eighth Amendment right to be free from excessive bail, and his Fifth and Fourteenth Amendment rights to due process.  ECF No. 79 at 2.  It also suggested that the City and the individual defendants violated his Fourteenth Amendment right equal protection.  *Id.*  The court granted the City and County's motion and dismissed the claims against these defendants without leave to amend, finding that plaintiff had failed to allege claims under *Monell*.  ECF No. 89 at 10-18; ECF No. 91.  The court also dismissed with leave to amend the claims alleged against the individual officers based on plaintiff's failure to comply with Rules 8 and 10.

On October 28, 2013, plaintiff filed a fifth amended complaint, alleging claims against Eissinger, Duke, Laney, and Herminghaus.  ECF No. 92.  All defendants have moved to dismiss that complaint.  ECF No. 97.

/////

/////

---

[3]  Page numbers cited herein refer to those assigned by the court's electronic docketing system and not those assigned by the parties.

II.     Factual Background

Plaintiff's fifth amended complaint alleges claims under 42 U.S.C. § 1983 against defendant officers.  ECF No. 92.  Plaintiff contends that each defendant violated his rights under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Although plaintiff has repeatedly amalgamated his allegations and claims as to all defendants into lengthy paragraphs from which it cannot be distilled which claims is asserted as to which defendant and on what specific facts involving that defendant, the underlying basis for whatever claims he attempts to assert centers around two separate incidents: (1) the "Dog Bite Incident," and (2) the "Brick Incident."  *Id*. at 2-9.

As to the first incident—the "Dog Bite Incident"—plaintiff alleges that on March 18, 2010, he was bitten by a dog belonging to James Handley outside a grocery store in South Lake Tahoe.  *Id*. at 2.  When plaintiff informed Mr. Handley of the bite, Mr. Handley "took his dog by leash and fled from the grocery store" on a skateboard.  *Id*.  Plaintiff chased after Mr. Handley because he "knew that he needed the dog's vaccination information."  *Id*.  Plaintiff "pushed his bicycle against [Mr. Handley], causing the skateboard to be discarded."  *Id*.  Plaintiff then grabbed the skateboard, and walked back to Lake Tahoe Boulevard to wait for the police.  Mr. Handley did not leave the scene because he did not want to leave his skateboard.  *Id*.

According to the complaint, a woman "saw the culmination of the incident and called 911 reporting that a man stole a skateboard from a kid."  *Id*.  When Officers Eissinger and Duke arrived, plaintiff was sitting and waiting for them.  Duke interviewed plaintiff and learned how he had stopped Mr. Handley.  "Upon learning the details of this dog bite incident officer Duke learned that [plaintiff] had only acted to stop the dog owner, in an effort to obtain the dog's vaccination information."  *Id*.

Plaintiff claims that both Eissinger and Duke knew that plaintiff was innocent but Eissinger decided to frame plaintiff and convinced Duke to go along with the plan.  *Id*.  Plaintiff further alleges that Eissinger orchestrated his arrest by telling Duke what false charges should be alleged against plaintiff.  At the El Dorado County jail, Duke "typed the false charges into a computer . . . while Eissinger stood near providing instructions."  *Id*. at 4.

4

1    Plaintiff also contends that Eissinger submitted a "Declaration and Determination" with

2    the court while plaintiff was not in attendance, and "[t]he document submitted by Eissinger

3    omitted the part where [Mr. Handley] had fled from the grocery store, lied saying [plaintiff]

4    punched [Mr. Handley], and lied saying that [plaintiff] walked away with the skateboard." *Id*. at

5    3. Plaintiff contends that this conduct resulted in a violation of his Fifth, Eighth, and Fourteenth

6    Amendment rights. He claims that Eissinger's plan violated his right to due process and that the

7    "felony charges were designed to cause excessive bail." *Id.* at 4.

8    Plaintiff refers to the second incident as the "Brick Incident." *Id.* at 6. He claims that on

9    August 28, 2011, he became involved in an argument with a woman at a motel located across the

10   street from his home. *Id.* The argument grew hostile and plaintiff returned home. A man named

11   Gary Corniel subsequently entered plaintiff's garage and threatened plaintiff with two bricks. *Id.*

12   at 6-8. Plaintiff responded by picking up a hammer and waiving it at Mr. Corniel. *Id.*

13   Plaintiff called 911 and three officers arrived at his home: Officer Herminghaus, Officer

14   Laney, and Officer Eissinger. *Id.* at 7-8, 13. Plaintiff alleges that Herminghaus and Laney

15   learned that plaintiff was suing Officer Eissinger, and together they "decided to frame [plaintiff]

16   and get revenge." *Id.* at 7. Plaintiff contends that Herminghaus and Laney disregarded his side of

17   the story and accepted Mr. Corniel's version of the incident even though they knew Mr. Corniel

18   was lying. *Id.* at 7-8. Although these officers allegedly knew plaintiff had acted in self-defense,

19   they arrested plaintiff and falsely charged him with two felonies for the purpose of causing

20   excessive bail. *Id.* at 8. Plaintiff contends that his "5th Amendment, 8th Amendment, and 14th

21   Amendment rights were violated by these two police officers." *Id*. at 8. Plaintiff further contends

22   that Herminghaus violated his right to due process under the Fifth and Fourteenth Amendment

23   when he committed perjury. *Id.* at 7.

24   III.    Rule 12(b)(6) Standards

25   To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

26   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

27   contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell*

28   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . .

1    . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

2    action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

3    236 (3d ed. 2004)).  Of particular relevance here, *Twombly* imposes a plausibility requirement.

4    "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief

5    that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*,

6    550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that

7    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

8    alleged." *Id.*  Where there is either the lack of a cognizable legal theory or the lack of pleading

9    sufficient facts to support a cognizable legal theory, dismissal is appropriate. *Balistreri v.*

10   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

11       In considering a motion to dismiss, the court must accept as true the allegations of the

12   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

13   the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

14   the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

15       The court is mindful of plaintiff's pro se status.  Pro se pleadings are held to a less

16   stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

17   Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and

18   an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28

19   (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, although the

20   court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026,

21   1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim

22   that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of*

23   *Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to

24   accept legal conclusions cast in the form of factual allegations if those conclusions cannot

25   reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752,

26   754-55 (9th Cir. 1994).  Neither need the court accept unreasonable inferences, or unwarranted

27   deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

28   /////

IV.     Discussion

        Defendants argue that the fifth amended complaint, like the earlier complaints (1) fails to allege facts sufficient to establish a cause of action as required by Rule 12(b)(6); (2) does not contain a short and plain statement of the claims against defendants, as required by Rule 8(a); and (3) fails to set forth the different claims in separate paragraphs under clear headings that delineate each claim or designate which defendants each claim is asserted against, as required by Rule 10(b).  ECF No. 97 at 2.

        In the last findings and recommendations, the court observed that plaintiff's fourth amended complaint's rambling and extremely long paragraphs made it difficult for the individual defendants to accurately answer the complaint.  ECF No. 89 at 19.  The court also noted that the fourth amended complaint failed to "clearly delineate which individual defendants are alleged to be responsible for each constitutional violation."  *Id*. at 20.  Plaintiff was also provided detailed instructions on how to comply with Rules 8 and 10.  He was specifically instructed to only include facts necessary to constitute a constitutional violation.  *Id*. at 20-21; *see* Fed. R. Civ. P. 8(a)(1)-(3).  He was also admonished that he must "identify the *specific* constitutional violations against" each defendant.  ECF No. 89 at 21.

        Prior findings and recommendations contained similar instructions.  Plaintiff was also admonished as to the specific requirements of *Iqbal* for alleging facts specific enough to demonstrate a cause of action.  ECF No. 73 at 15-16.  Earlier findings and recommendations informed plaintiff that his "complaint fails to comply with Rule 8 and 10, primarily because plaintiff's complaint does not clearly allege the basis for plaintiff's federal claims against defendants Eissinger and Duke."  ECF No. 50 at 15.

        Notwithstanding the court's prior admonishments, plaintiff once again, in the fifth amended complaint, fails to comply with the requirements of Rule 8 and 10.  *See* Fed. R. Civ. P. 8(a) (requiring the complaint to set forth a short and plain statement of the claim(s), showing entitlement to relief and giving the defendant(s) fair notice of the claim(s) against them; Fed. R. Civ. P. 10(b) (providing that if plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate counts).  First, plaintiff again refuses to

1    separate the different factual allegations into separate paragraphs.[4]  Plaintiff also generally fails to

2    identify the specific constitutional violation he believes each defendant committed.  For example,

3    in his section entitled "COMPLAINT AGAINST SHANNON LANEY," in a single paragraph

4    spanning nearly the length of one page, plaintiff alleges that Laney, in an effort to frame plaintiff,

5    ignored his claim of self-defense.  *Id*. at 8.  Plaintiff then alleges that "Laney's part in this

6    conspiracy was to ignore facts relating to [plaintiff's] innocence, while officer Jake Herminghaus

7    placed [plaintiff] under arrest."  Plaintiff then concludes that his "5th Amendment, 8th

8    Amendment, and 14th Amendment rights were violated by these two officers."  ECF No. 92 at 8.

9    Plaintiff failure to identify the specific constitutional violation, and support his claim with

10   specific factual allegations, makes it impossible defendants to meaningfully respond to plaintiff's

11   complaint.  *See* Fed. R. Civ. P. 8(b) (requiring an answer to contain in short and plain terms its

12   defenses to each claim asserted against it and an admission or denial of the allegations asserted

13   against it by an opposing party).

14          The few claims that can be discerned either fail as a matter of law based on the allegations

15   in the complaint or rest on mere conclusions and therefore fail to satisfy the pleading standards of

16   *Twombly* and *Iqbal*.  Throughout his complaint, plaintiff contends that defendants have violated

17   his Eighth Amendment right and alleges that defendants conduct resulted in excessive bail.  As to

18   defendant Eissinger, plaintiff alleges that Eissinger engaged in "criminal misconduct" while

19   investigating the Dog Bite Incident on March 18, 2010.  ECF No. 92 at 3.  Plaintiff claims that

20   Eissinger knew plaintiff had not committed a crime "but decided to frame" him is merely a

21   conclusory allegation that is not supported by specific facts, which if taken as true support that

22   conclusion.  *Id.*  Likewise, plaintiff's contention that Eissinger persuaded Duke to go along with

23

24          [4] For example, the facts section for the "Dog Bite Incident" is comprised of a single
     paragraph encompassing almost an entire page.  ECF No. 92 at 2.  While the complaint does
25   provide a separate section for each named defendant, each section is comprised of a single
     lengthy paragraph containing the factual allegations for that defendant (and sometimes other
26   defendants) and the purported claims asserted against that defendant.  *See e.g.*, *id.* at 4 (section
     entitled "Complaint against Charles Duke," containing a single paragraph comprised of factual
27   allegations against Duke and Eissinger and concluding that their conducted violated "plaintiff's
     5th Amendment, 8th Amendment, and 14th Amendment rights.").
28

his plan, "and together these police officers engaged in a conspiracy to frame the plaintiff" is conclusory and fails to state a claim.  *Id.*

Plaintiff's other allegations are similarly conclusory.  He concludes that "[t]hrough the use of this criminal misconduct the plaintiff's 8th, 5th, and 14th Amendment rights would be violated."  *Id*.  Plaintiff then alleges that Eissinger told Duke what charges should be alleged against plaintiff, even though Eissinger knew that "felony charges would cause excessive bail." *Id*.  The fifth amended complaint alleges that the other three defendants engaged in similar conduct that resulted in excessive bail.  ECF No. 92 at 4, 7, 8.

Plaintiff further alleges that on March 19, 2010, Eissinger submitted a "Declaration and Determination" document with the local court without plaintiff being in attendance, and that this violated plaintiff's right to due process.  *Id*. at 3.  He further alleges that the document failed to state that Mr. Handley had fled from the grocery store, falsely stated that plaintiff punched Mr. Handley, and that plaintiff walked away with Mr. Handley's skateboard.  Plaintiff then states that was that excessive bail was imposed.  *Id.*

While the complaint contains numerous allegations disputing the veracity of state charges and the credibility of the witnesses the officers relied on, the crux of his complaint seems to center on his contention that these officers deprived plaintiff of his rights under the Eighth Amendment which prohibits excessive bail.  *See* ECF No. 92 at 3 ("Eissinger orchestrated the arrest of [plaintiff], and told Charles Duke what false charges would be alleged against [plaintiff]. Eissinger knew his use of felony charges would cause excessive bail."), 4 ("The false felony charges were designed to cause excessive bail."), 7 ("Hemminghaus violated the plaintiff's 8th Amendment rights when he used false felony charges to cause excessive bail,$75,000."), 8 ("Two false felony charges were alleged.  The felony charges were intended to cause excessive bail that reached $75,000.").

To the extent he is attempting to allege a claim for violation of the Eighth Amendment's prohibition on excessive bail, the claim fails because plaintiff has not alleged facts showing that any of the defendant caused his bail to be increased.  Plaintiff ignores that under California law courts not individual law enforcement establish countywide bail schedules.  Judges have the

1   discretion to set the exact bail amount in any particular case. *Dant v. Sup. Ct.*, 61 Cal.App.4th

2   380, 386 (1998) (stating "[t]he courts are responsible for adopting a countywide schedule of

3   bail").  To hold law enforcement officers liable for excessive bail, in addition to establishing that

4   bail was excessive, plaintiff must also demonstrate that the officer was the proximate cause of his

5   bail enhancement. *See Galen v. County of Los Angeles*, 477 F.3d 652, 663 (9th Cir. 2007).  To do

6   this, plaintiff must show that the officers prevented the judge who set bail from exercising her/his

7   independent judgment. *Id.*  Thus, the plaintiff would have to allege facts, which if true, show that

8   the defendants "deliberately or recklessly misled the [judge setting bail], and that his bail would

9   not have been unconstitutionally excessive but for the officers' misrepresentations." *Id.* at 664.

10   Plaintiff has done nothing more than allege that Eissinger submitted a document to the local court

11   that omitted plaintiff's version of the Dog Bite Incident, and that "Excessive bail resulted."  As

12   for Duke, Herminghaus, and Laney, plaintiff only alleges that each defendant filed false felony

13   charges against him and that this somehow resulted in excessive bail.  Plaintiff's conclusory

14   allegations are insufficient to show that defendants were the proximate cause for any alleged

15   excessive bail.

16       Throughout the complaint, plaintiff also claims that each defendant violated his Fifth

17   Amendment right to due process.  As argued by defendants, plaintiff cannot allege a Fifth

18   Amendment due process claim against defendants, as they are local police officers. *See Lee v.*

19   *City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001) (To state a claim for violation of plaintiff's

20   due process rights under the Fifth Amendment, a plaintiff must allege that the defendants are

21   federal actors).  Assuming plaintiff intended to assert a Fourteenth Amendment due process

22   claim, as discussed below he fails to articulate facts demonstrating that any named defendant

23   deprived him of due process.  He also claims that in regards to the Brick Incident, Eissinger's

24   "criminal misconduct" caused him to lose a witness for a criminal proceeding, which violated the

25   Sixth Amendment.  Apart from this conclusory allegation, plaintiff fails to assert specific facts

26   showing any such plausible claim here.

27       Plaintiff also references "equal protection" in regards to his allegations against

28   Herminghaus.  Plaintiff claims that his right to equal protection was violated when defendant

1   Herminghaus accepted Mr. Corniel's version of the Brick Incident over plaintiff's version.  ECF

2   No. 92 at 7.  But "[t]o state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff

3   must show that he was treated in a manner inconsistent with others similarly situated, and that the

4   defendants acted with an intent or purpose to discriminate against the plaintiff based upon

5   membership in a protected class."  *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166–67 (9th

6   Cir. 2005).  Plaintiff does not allege that he was treated differently based upon membership in a

7   protected class.  Accordingly, plaintiff fails to state an equal protection claim.

8        The only remaining discernable claim in the complaint appears to be a § 1983 due process

9   claim predicated on alleged violations of the Fourteenth Amendment.  Plaintiff seems to allege

10  that his due process rights by (1) Eissinger submitting a "Declaration and Determination" with the

11  state court without plaintiff being present; (2) Eissinger submitting lies to the state court; and (3)

12  Herminghaus committing perjury in state court.

13       Under the Fourteenth Amendment to the United States Constitution, no state shall deprive

14  any person of life, liberty, or property without due process of law.  A litigant alleging a due

15  process violation must first demonstrate that he was deprived of a liberty or property interest

16  protected by the Due Process Clause and then show that the procedures attendant upon the

17  deprivation were not constitutionally sufficient.  *Kentucky Dep't of Corrections v. Thompson*, 490

18  U.S. 454, 459–60 (1989).  Plaintiff does not allege that any of the defendants' acts in relation to

19  his state court criminal proceedings resulted in the deprivation of a liberty or property interest.[5]

20       As pointed out in the earlier findings as to plaintiff's fourth amended complaint, *see* ECF

21  No 89, plaintiff has had numerous opportunities to state a claim and has been unable to do so.

22  The court has also gone to some length to point out the deficiencies and what specifically needed

23  correction.  Notwithstanding those opportunities, plaintiff's fifth amended complaint fails to state

24  a claim against any of the defendants and the instant motion to dismiss must be granted.

25  /////

26  /////

27

28

___

[5] Indeed, plaintiff specifically alleges that in his case, his "testimony proved very credible and the court dismissed the charges against" him.  ECF No. 92 at 10.

11

1    V.      Leave to Amend

2        Plaintiff initiated this action more than four years ago.  The court has explained to him on

3    numerous occasions the requirements under Federal Rules of Civil Procedure 8(a) and 10(b), as

4    well as the pleading standards set forth in *Ashcroft* and *Twombly*.  Plaintiff, however, has

5    repeatedly declined to follow the court's detailed instructions.  There simply is no reason to

6    believe that a seventh bite at the apple will lead to a different result.  Accordingly, the court finds

7    that further amendment would be futile and that plaintiff's fifth amended complaint must be

8    dismissed without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While

9    the court ordinarily would permit a pro se plaintiff to amend, leave to amend should not be

10    granted where amendment would be futile).

11    VI.     Conclusion

12        Accordingly, it is hereby ORDERED that the April 10, 2014 order to show cause, ECF

13    No. 109, is discharged; no sanctions are imposed.

14        Further, it is RECOMMENDED that:

15        1.  Defendants' motion to dismiss, ECF No. 97, be granted;

16        2.  Plaintiff's fifth amended complaint be dismissed without further leave to amend; and

17        3.  The Clerk be directed to close the case.

18        These findings and recommendations are submitted to the United States District Judge

19    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days

20    after being served with these findings and recommendations, any part may file written objections

21    with the court and serve a copy on all parties.  Such a document should be captioned "Objections

22    to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

23    specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158

24    F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

25    Dated:  September 15, 2014.

26

27                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

28

12